NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Tax Division
MELANIE SARTORIS (Cal. Bar No. 217560)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-7280/5615/7407/0759
     Facsimile:     (213) 894-2927
     E-mail:   judith.heinz@usdoj.gov
               james.hughes2@usdoj.gov
               melanie.sartoris@usdoj.gov
               william.rollins@usdoj.gov
               khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-50(B)-JAK |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 3 TO ADMIT CERTIFIED AND SELF-AUTHENTICATING BUSINESS AND GOVERNMENT RECORDS AT TRIAL |
| v. | |
| YI-CHI SHIH, aka "Yichi Shih," aka "Yuqi Shi," et al, | Hearing Date: April 4, 2019<br>Hearing Time: 8:30 a.m.<br>Location:    Courtroom of the Hon. John A. Kronstadt |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Judith A. Heinz, James C. Hughes, Melanie Sartoris, William M. Rollins, and Khaldoun Shobaki, hereby brings its motion in limine no. 3 to admit certified, self-authenticating business and government records at trial.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 4, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

          /s/
JUDITH A. HEINZ
JAMES C. HUGHES
MELANIE SARTORIS
WILLIAM M. ROLLINS
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant YI-CHI SHIH ("defendant") is accused of knowingly and willfully conspiring to export military-grade circuits from the United States to the People's Republic of China ("PRC"). At defendant's May 7, 2019 trial, the government intends to introduce certain business and government records under the self-authenticating provisions of the Federal Rules of Evidence. The government provided written notice to defendant of its intent to introduce such records in this manner on December 6, 2018, December 11, 2018, and December 21, 2018. (Dkts. 275, 279, Ex. A.) To date, defendant has not advised the government of any intent to challenge the government's offer of these records into evidence.

## II. ARGUMENT

### A. Self-Authenticating Business Records

Rule 902(11) permits the admission of self-authenticating business records. Specifically, the Rule dictates that certified domestic records of a regularly conducted activity "are self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(11). To qualify under this provision, the records in question must be "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person." Id. The Rule also requires that the proponent of such evidence provide an adverse party, prior to trial, with "reasonable written notice of the intent to offer the record -- and . . . make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them." Id.

Under Rule 803(6)(A)-(C), a business record is admissible if: (A) "the record was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) making the record was a regular practice of the activity." Fed. R. Evid. 806(A)-(C). Moreover, admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's rights to confront witnesses because business records are not testimonial in nature. See Bullcoming v. New Mexico, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial.'" (quoting Melendez-Diaz, 557 U.S. at 324)).

Here, the government has produced business records from the custodians of records (or other qualified persons) of various businesses, as indicated below. The government has also produced declarations from the respective custodians of records (or other qualified persons) from these companies. As detailed below, the custodian-of-record declarations for these records were also filed with the Court on December 6 and 11, 2018, and the underlying records were produced in discovery:

| CR Docket Entry | Declarant/Organization/Dates | Description | Bates Numbers |
|---|---|---|---|
| 275 | Chelsea Clays/Google, Inc. January 10, 2017 | yichishih@gmail.com search warrant response | 891402-1396916 |
| 275 | Evelyn Blackwell/Microsoft, Inc. February 21, 2017 | yichishih@hotmail.com search warrant response | 98927-276889 |
| 275 | Mireille Delbecq/Yahoo, Inc. May 30, 2017 | yichishih@yahoo.com search warrant response | 276890-576502 |
| 275 | Gurleen Virk/Google, Inc. October 17, 2017 | ishiang.shih@gmail.com search warrant response | 576504-694260 |
| 275 | Mari Stosich-Wall/Microsoft, Inc. October 20, 2017 | ishiang5860@hotmail.com search warrant response | 694262-808273 |
| 275 | Walter Rodriquez/ Google, Inc. January 17, 2018 | push310@gmail.com search warrant response | 87563-98926 |
| 275 | Chelsea Clays/Google, Inc. February 15, 2018 | yichishih@gmail.com supplemental search warrant response | 1396917-1543560 |
| 279 | A. Evans Anderson, /FedEx Corporation/ March 21, 2016, May 4, 2016, and July 10, 2017 | FedEx records response. | 37219-37428, 37444-37474 |
| 279 | Betty J. Saylors / FedEx Corporation/October 11, 2017 | FedEx records response. | 37429 - 37443 |
| 279 | Jamilah Freeman/United Parcel Service, Inc./October 11, 2017 | UPS records response. | 38045-38106 |
| 279 | Janice Morrison/DHL Express USA/October 25, 2017 | DHL records response. | 36881-36899 |

3

| CR Docket Entry | Declarant/Organization/Dates | Description | Bates Numbers |
|---|---|---|---|
| 279 | Lawrence Liang/MeiMei Global Inc./November 3, 2017 | MeiMei Express records response. | 37742-37938 |
| 279 | Stephanie A. Brown/Freeport Forwarding, Inc./October 19, 2017 | Freeport Forwarding records response. | 37492-37551 |
| 279 | David Bennett/iShip Inc./February 12, 2018 | iShip Inc. records response. | 1548695-1548720 |

Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial and permits the records to be admitted under Federal Rule of Evidence 803(6). See Fed. R. Evid. 902(11). Accordingly, in order to admit the above-referenced business records as exhibits at trial, the government should not need to call the custodians of records for these businesses to testify. Rather, these business records should be admissible based on the certifications above.

**B.   Certified TECS Records**

On December 21, 2018, the government also provided defendant with written notice of its intent to introduce certified TECS records showing that Yi-Chi Shih and Ishiang Shih, among others, crossed various borders on specific dates during the conspiracy. (Ex. A.) TECS records are maintained by U.S. Customs and Border Protection, and the records are routinely generated by officers at the border to assist with screening travelers. These records are admissible under Fed. R. Evid. 803(8), and they were produced to defendant at bates numbers YC_SHIH_0001,2045-1,2093. See, e.g., United States v.

Orozco, 590 F.2d 789, 793 (9th Cir. 1979); United States. v. Cabrera-Beltran, 660 F.3d 742, 750–53 (4th Cir. 2011).  Admitting these certified records without calling custodians or other witnesses familiar with the TECS operating systems will expedite the presentation of evidence, and defendant has not indicated that he has any objections to the admissibility of these records at trial.

### C. Certified U.S. Treasury Department/Financial Crimes Enforcement Network Records

The government has also provided written notice to defendant of its intent to introduce certified U.S. Treasury Department/Financial Crimes Enforcement Network ("FinCEN") records related to reports of various bank accounts (or the lack thereof) in the names of Yi-Chi Shih, Sue Jane Shih, April Shih, and Alice Shih:

| Bates Range | Description |
| --- | --- |
| YC_SHIH_5306 | FinCen Certification of lack of record for Sue Jane Shih |
| YC_SHIH_5307 | FinCen Certification of lack of record for April Shih |
| YC_SHIH_5308 | FinCen Certification of lack of record for Alice Shih |
| YC_SHIH_5309-5313 | Certified FBAR forms for Yi Chi Shih for the years 2011 and 2012 |
| YC_SHIH_5314-5332 | Certified FBAR transcripts of record for the years 2011 through 2016 |

These Treasury/FinCEN records are likewise self-authenticating documents and are admissible at trial under Federal Rules of Evidence 803(8) and 803(10).  See, e.g., United States v. Ryan, 969 F.2d 238,

5

240 (7th Cir. 1992); United States v. Combs, 762 F.2d 1343, 1348 (9th Cir. 1985).  Defendant has not notified the government of any objections to the introduction of these records at trial.

### D. Certified Visa Records from the U.S. Department of State

In addition, the government has provided notice to defendant of its intent to introduce certified visa records from the U.S. Department of State related to Yaping Chen, Ye Yuan, Jieru Deng, and others.  These records are admissible under Fed. R. Evid. 803(6) and 803(8) and were produced to defendant at YC_SHIH_11,432-11,765.  See, e.g., Ngamfon v. United States Department of Homeland Security, No. CV 17-183 DMG, 2018 WL 6040193, at *2 n.1 (C.D. Cal. Oct. 17, 2018); see also Bridgeway Corp. v. Citibank, 201 F.3d 134, 142-44 (2d. Cir. 2000); United States v. Chkuaseli, 732 Fed. Appx. 747, 758 (11th Cir. 2018).

### E. Publications in the Federal Register

The government has also notified defendant that it intends to introduce official copies of publications in the Federal Register, copies of which were produced to defendant at YC_SHIH_11,432-11,765. These are the publications of the placement of relevant entities on the Department of Commerce Entity List, and modifications of those placements.  Publications in the Federal Register are admissible as public documents.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue an order that the documents subject to this motion are self-authenticating, that "they require no extrinsic evidence of authenticity in order to be admitted," Fed. R. Evid. 902, and that they are otherwise admissible into evidence at trial.  The

government seeks an order that it has satisfied the authenticity and foundational requirements for admission of these documents without calling document custodians and that the documents will be admitted at trial subject only to objections under Federal Rules of Evidence 401 (relevance) and 403 (undue prejudice).  Finally, the government reserves the right to provide further notice of other entities from which it intends to introduce business or government records under the Federal Rules of Evidence, and asks that the government be granted permission to supplement this motion if necessary prior to trial.

Dated: March 4, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


            /s/
JUDITH A. HEINZ
JAMES C. HUGHES
MELANIE SARTORIS
WILLIAM M. ROLLINS
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# EXHIBIT A

Case 2:18-cr-00050-JAK   Document 307   Filed 03/04/19   Page 10 of 13   Page ID #:2640

**Rollins, William (USACAC)**

| | |
|---|---|
| **From:** | Rollins, William (USACAC) |
| **Sent:** | Friday, December 21, 2018 11:14 AM |
| **To:** | 'John Hanusz'; Jim Spertus; Christa Culver |
| **Cc:** | Hughes, James (USACAC) 4; Sartoris, Melanie (USACAC); Shobaki, Khaldoun (USACAC); Heinz, Judith (USACAC) |
| **Subject:** | U.S. v. Shih (Notice re: Public Records) |
| **Attachments:** | Notice re introduction of certified public records_12.21.2018.pdf |

Please see the attached letter.

Will Rollins
Assistant United States Attorney
Central District of California
United States Courthouse, Suite 1500
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.7407 | F: 213.894.0141 | william.rollins@usdoj.gov

1



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Judith A. Heinz*
*Phone:  (213) 894-7280*
*E-mail:  Judith.Heinz@usdoj.gov*

*James Hughes*
*Phone:  (213) 894-4961*
*E-mail:  James.Hughes@usdoj.gov*

*Melanie Sartoris*
*Phone:  (213) 894-5615*
*E-mail: Melanie.Sartoris@usdoj.gov*

*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

*William M. Rollins*
*Phone:  (213) 894-7407*
*E-mail:  William.Rollins@usdoj.gov*

*Khaldoun Shobaki*
*Phone:  (213) 894-0759*
*E-mail: Khaldoun.Shobaki@usdoj.gov*

December 21, 2018

**VIA E-MAIL**

**James W. Spertus**
Spertus Landes and Umhofer LLP
1990 South Bundy Drive Suite 705
Los Angeles, CA 90025
310-826-4700
Fax: 310-826-4711
Email: jim@spertuslaw.com

**John Hanusz**
Spertus Landes and Umhofer LLP
1990 South Bundy Drive Suite 705
Los Angeles, CA 90025
310-826-4700
Fax: 310-826-4711
Email: john@spertuslaw.com

Re: United States v. Yi-Chi Shih, et al.
Case No. CR18-00050(B)-JAK

Mr. Spertus and Mr. Hanusz:

By this letter, the government hereby informs you that it will seek to introduce the following public records at trial in this case:

1. Certified TECS records showing that Yi-Chi Shih and Ishiang Shih, among others, crossed U.S. borders on specific dates during the conspiracy. TECS records are maintained by U.S. Customs and Border Protection, and the records are routinely generated by officers at the border to assist with screening travelers. These records are admissible under Fed. R. Evid. 803(8), and they have been produced to you at YC_SHIH_0001,2045-1,2093. *See, e.g., United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979); *United States. v. Cabrera-Beltran*, 660 F.3d 742, 750–53 (4th Cir. 2011).

2. Certified U.S. Treasury Department/Financial Crimes Enforcement Network ("FinCEN") records related to reports of various bank accounts (or the lack thereof) in the names of Yi-Chi Shih, Sue Jane Shih, April Shih, and Alice Shih:

| Bates Range | Description |
|---|---|
| YC_SHIH_5306 | FinCen Certification of lack of record for Sue Jane Shih |

Defense Counsel for Defendant Yi-Chi Shih
RE: United States v. Shih et al, CR 18-50(B)-JAK
December 21, 2018
Page 2

| YC_SHIH_5307 | FinCen Certification of lack of record for April Shih |
| YC_SHIH_5308 | FinCen Certification of lack of record for Alice Shih |
| YC_SHIH_5309-5313 | Certified FBAR forms for Yi Chi Shih for the years 2011 and 2012 |
| YC_SHIH_5314-5332 | Certified FBAR transcripts of record for the years 2011 through 2016 |

These Treasury/FinCEN records are likewise self-authenticating documents and are admissible at trial under Federal Rules of Evidence 803(8) and 803(10). *See, e.g.*, *United States v. Ryan*, 969 F.2d 238, 240 (7th Cir. 1992); *United States v. Combs*, 762 F.2d 1343, 1348 (9th Cir. 1985).

3.  Certified visa records from the U.S. Department of State related to Yaping Chen, Ye Yuan, Jieru Deng, and others. These records are admissible under Fed. R. Evid. 803(6) and 803(8), and were produced to you at YC_SHIH_11,432-11,765. *See, e.g.*, *Ngamfon v. United States Department of Homeland Security*, No. CV 17-183 DMG, 2018 WL 6040193, at *2 n.1 (C.D. Cal. Oct. 17, 2018); *see also Bridgeway Corp. v. Citibank*, 201 F.3d 134, 142-44 (2d. Cir. 2000); *United States v. Chkuaseli*, 732 Fed. Appx. 747, 758 (11th Cir. 2018).

4.  Official copies of the rules and regulations published in the Federal Register that were previously produced to you at USAO_SHIH_1,575,376-1,575,434. *See* 44 U.S.C. § 1507; *United States v. Woods*, 335 F.3d 993, 1000 (9th Cir. 2003).

If you oppose admission of these public records on the evidentiary grounds articulated above, please provide notice so that the government may timely file a motion in limine to resolve the admissibility of this evidence.

Very truly yours,

William M. Rollins
Assistant United States Attorney
Terrorism and Export Crimes Section
National Security Division