**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| **Exhibit 144A (English-language translation of Exhibit 144; defendant objects only to the translation)** ||||
|---|---|---|---|
| **Exh. Nos.** | **Description** | **Defendant's Objection** | **Government's Response** |
| 144A | English-language translation of Exh. 144 | Defendant disputes the accuracy of the translation; defendant does not object to underlying exhibit | Witness Barbara Hong Li, a highly-qualified translator, has testified that Exh. 144A is an accurate translation. The defense cross-examination of Ms. Li did not call into question the accuracy of the translation. |

**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| Exhibits 234-240 (e-mails between conspirators about delivery of MMICs to Air China pilots in a hotel) ||||
|---|---|---|---|
| **Exh. Nos.** | **Description** | **Defendant's Objection** | **Government's Response** |
| 234 & 239 | e-mails on 10/22/2009 and 12/3/2009 between defendant and coconspirator/co-defendant Fei Ye (aka Michael Ye) re delivering parts/a MMIC to persons (Air China pilots) at a hotel | Def. objected based on lack of Rule 404(b) notice and relevance | **The Court overruled defendant's objections and admitted these two exhibits;** the government had argued that this conduct is inextricably intertwined with the Count One conspiracy conduct |
| 227 | 8/16-17/2009 email YiChiShih & Fei Ye re delivering parts to person in hotel | Defendant has no objection to this exhibit. (Dkt. 411) | |
| 235, 236, 236A, 237, 238, 240 | e-mails during October-December 2009 between defendant and coconspirator/co-defendant Fei Ye (aka Michael Ye) re delivering parts/a MMIC to persons (Air China pilots) in hotel | Def. objects based on lack of Rule 404(b) notice and relevance | Consistent with the Court's previous ruling on the same type of evidence (see above), the Court should overrule defendant's objections and admit these exhibits; this conduct is inextricably intertwined and part of the Count One conspiracy |

**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| Exh. Nos. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| **Exhibits 234 & 244 (two e-mails from co-defendant Ishiang Shih to defendant attaching information released by the Department of Commerce Bureau of Industry and Security (DOC/BIS) about export regulations)** |
| 243 | 1/27/2010 e-mail from Ishiang Shih to defendant with DOC/BIS info on China Policy Rule & DOC Entity List | Defendant objects based on Rule 403; he argues that redactions are required per the Court's prior order | No redactions are required; defendant is arguing that he "tried hard" to understand the export regulations but they are extremely complex; the jury is entitled to see the export regulations and information about them in the exact state that defendant received them in these two e-mails sent by his coconspirator and co-defendant Ishiang Shih |
| 244 | 1/27/2010 e-mail from Ishiang Shih to defendant with DOC/BIS rules on export controls on export of military use items to the PRC | same as above | In addition to above, the attachment to this e-mail does not mention the PRC's military, but only sets out the U.S. export controls on the export of military use items to China; the fact that coconspirator Ishiang Shih sent this to defendant is directly probative of the coconspirators' knowledge and willfulness |

3

**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| Exhibits 2705, 2901, 2902 (one e-mail and two documents from defendant's computers showing knowledge of export regulations) ||||
|---|---|---|---|
| **Exh. Nos.** | **Description** | **Defendant's Objection** | **Government's Response** |
| 2705 | 5/4/2006 email from Paul Watson (USAF) to defendant (at MMCOMM); subject is "WIN Semiconductor Foundry Run"; Watson advises defendant of "some concerns about having the MMICs fabricated at WIN [a foundry in Taiwan] . . . . you will most likely need to obtain an export control license to have military related circuits fabricated outside the US . . . . It is up to MMCOMM to ensure that no export codes are violated." | Lack of Rule 404(b) notice; relevance; lack of foundation; hearsay | This e-mail was seized from defendant's Asus Ultra Tower computer (see previously-admitted Exh. 1645, p. 9); defendant is arguing that he "tried hard" to comply with U.S. export regulations and this e-mail is relevant to that knowledge; this is not character evidence or evidence of a crime or wrong or other act; even if this falls within 404(b), the government gave notice of this evidence before trial in its discovery letters and it was on its exhibit lists |
| 2902 | 6/14/2011 RFMD Export Assurance Certification | Hearsay; lack of foundation (government does not indicate where this document comes from) | Seized from def.'s Iomega hard drive (Exh. 1645, p. 14); introduced to show def's knowledge of export regulations (non-hearsay purpose) |

4

**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| \ | Exhibits 2301 & 1689; 203 & 1688; 1690 & 1692 (e-mails and corresponding product information datasheets for Triquint parts that match the Triquint part numbers in the e-mails between the conspirators) | | |
|---|---|---|---|
| Exh. Nos. | Description | Defendant's Objection | Government's Response |
| **Part No. TGA4517** | | | |
| 2301 | 8/24/2005 e-mails exchanged between Yaping Chen and def. in which def. asks for the original PO and Lot number (printed on the box) for MMIMCs Yaping Chen has; Chen responds by providing information that is printed on the box, which shows Chen has 10 Triquint parts, part no. **TGA4517-EPU** | Defendant objects based on lack of Rule 404(b) notice and relevance | This conduct is inextricably intertwined and part of the Count One conspiracy, which charges a conspiracy spanning over ten years, in which Yaping Chen and defendant conspired together with the same goal-exporting MMICs from the U.S. to China.  In addition, **this Court already admitted Exh. 2501,** a powerpoint showing that Yaping Chen and defendant were developing a module that required two MMICs – part no. – **TGA4517.** This e-mail is relevant to show that 10 of these parts had gone to China by 8/24/2005. |
| 1689 | Triquint part **TGA4517-EPU** advance product datasheet, June 4, 2004 (the part number in the e-mail above | same as above | In addition to above, this business record – the product data sheet for this part – is relevant to show what this part is; it is not 404(b) evidence |

**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| Exh. Nos. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| **Part No. TGA4516** | | | |
| 2123 | 6/8/2006 e-mail from Jesse Lu to augar international w/def. cc'd, attaching invoice for Ka Band PA Design Solution; part no. **TGA4516** | Admitted previously | **The Court admitted this Exh. on 5/22/2019**; Exhs. 203 & 1688 (below) show the basis for this e-mail and provide information about the MMIC that is being shipped to Singapore for Yaping Chen. |
| 4245 | 6/9/2006 e-mail from Jesse Lu to augar intern'l w/def. cc'd, stating MMCOMM would hold the order for the parts no. **TGA4516** and await further instructions | Admitted previously | In addition to the above, **this e-mail (exh. 4245), which is about the same transaction, was introduced by the defense and the Court admitted it on 5/22/2019.** |
| 203 | 5/14/2006 e-mails between def. and Fei Ye (aka Michael Ye); defendant tells Ye "[w]e can get the **4516**" and instructs Ye to ask Yaping Chen to send MMCOMM [defendant's company] a PO from Singapore [the location of augar international] | Defendant has no objection to this e-mail. (Dkt. 441) | |
| 1688 | Triquint part **TGA4516** advance product datasheet, February 10, 2006 | Defendant objects to this exhibit based on insufficient Rule 404(b) notice and relevance | This business record – the product data sheet for **TGA4516** – is relevant to show what this part is. |

6

**United States v. Yi-Chi Shih,**
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| Exh. Nos. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| **Part Nos. TGA4521 and TGA 4522** | | | |
| 225 | 8/10/2009 email YiChiShih & Fei Ye re module design using **TGA4521** | Defendant has no objection to this exhibit.  (Dkt. 441) | |
| 246 | 2/26/2010 email from cd_chen_lei@163.com to Defendant (gmail account) re: sketch for module showing **TGA4521 & TGA4522** | Defendant has no objection to this exhibit.  (Dkt. 441) | |
| 1690 | Triquint part **TGA4521** product datasheet, June 2008 | Lack of Rule 404(b) notice; relevance | Def. has represented he does not object to Exhs. 225 & 246 above.  This business record – the product data sheet for **TGA4521** – is relevant to show what this part is & is not 404(b) evidence. |
| 1692 | Triquint part **TGA4522- EPU** advance product datasheet, January 17, 2005 | Lack of Rule 404(b) notice); relevance | Def. has represented he does not object to Exh. 246 above.  This business record – the product data sheet for **TGA4522** – is relevant to show what this part is & is not 404(b) evidence. |

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
**Government Responses to Defense Objections to Government Exhibits Expected to be Introduced During Special Agent Berger's Testimony**

| **Exhibits 2601, 2601A, 2603, 2603A (documents from defendant's computers showing defendant's relationship with RML)** | | | |
|---|---|---|---|
| **Exh. Nos.** | **Description** | **Defendant's Objection** | **Government's Response** |
| 2601 | LLM_RML shareholder agreement | Lack of Rule 404(b) notice; relevance; foundation; hearsay | Document found on def.'s Compaq Tower (Exh. 1645, pg. 8); shows def. was a shareholder in RML (Yaping Chen's company); exh. is non-hearsay (either a non-statement or an opposing party statement); inextricably intertwined with Count One conspiracy conduct |
| 2601A | English-language translation of above | No objection to accuracy | |
| 2603 | RML specific shares agreement | Lack of Rule 404(b) notice; relevance; foundation; hearsay | same as above |
| 2603A | English-language translation of above | No objection to accuracy | |

8